# United States District Court

U.S. District Court
East[ern] D[ist]. of Wis.
[I hereby] certify that [this is a]
true [copy ...] of the original
[...]
SOFRON B. NEDILSKY, Clerk
DATED: 4-29-92
James B[y] [signature] Deputy

_____EASTERN_____ District of _____WISCONSIN_____

UNITED STATES OF AMERICA

V.

RONALD SEAVOY,

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 91-Cr-293

_____Paul Barrett_____
Defendant's Attorney

**DEFENDANT:**

[ ] pleaded guilty to count(s) _____.
[X] was found guilty on count(s) _____One and two of Indictment_____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| [21]13(a) and 2 | Armed Bank Robbery | 8/20/91 | one |
| [9]24(c) and 2 | Use of a Firearm during a crime of violence | 8/20/91 | two |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984..

[ ] The defendant has been found not guilty on count(s) _____
and is discharged as to such count(s).

[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

[X] It is ordered that the defendant shall pay a special assessment of $ __100.00__, for count(s) one and two, which shall be due [ ] immediately [X] as follows: within five [days] of sentence to Clerk of Court, Room 362 Federal Building, Milw. Wisconsin

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within [30] days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: ▇▇▇▇▇▇▇▇▇

Defendant's Date of Birth: ▇▇▇▇▇▇62

Defendant's Mailing Address:
Metropolitan Correctional Center
[ ] West Van Buren
Chicago, IL 60605

Defendant's Residence Address:
(same as above)

April 14, 1992
Date of Imposition of Sentence

*Robert W. Warren* (signature)
Signature of Judicial Officer

ROBERT W. WARREN
SENIOR U.S. DISTRICT JUDGE
Name & Title of Judicial Officer

April 24, 1992
Date

MR. BISKUPIC:

The bank did an accounting of how much money was lost?

Yes, sir, they did.

MR. BISKUPIC: Your Honor, at this time I would like to read stipulation number one and two.

THE COURT: All right, ladies and gentlemen of the jury, ordinarily, of course, a witness can testify to only those things which he or she sees, observes and so forth. Of course, the testimony of the lawyers is not ordinarily evidence, an exception to that is when the two parties stipulate to something and they apparently have agreed on something and when that's read to you, then you can accept that fact as proven.

MR. BISKUPIC: Your Honor, stipulation number one between the parties is that according to a financial audit by Bank North the amount of money missing from the bank as a result of the August 20, 1991 bank robbery, was $83,870,00. Stipulation number two, Bank north is and was on August 20, 1991 a federally insured financial institution.

Your Honor, those are all the questions I have for this witness.

THE COURT: All right, ladies and gentlemen, you can accept those two facts as proven then.

*This stipulation was based on lies by F.B.I.*

46

(form)
(R. 1388)

## COURT OBLIGATIONS PAYMENT AGREEMENT

Name: Ronald Seavoy           Court Case No. 91-00293-001

Address: _____

_____

You have been ordered by the U. S. District Court, Eastern District of Wisconsin, to pay a fine of $ -0- , restitution of $ 55,918.00 , attorney fees of $ -0- by exp. of sent. You must also pay a special assessment of $ 100.00 by 4/14/97 . This is a condition of your ~~probation/parole/deferred prosecution~~/supervised release. Your ~~probation/parole/deferred prosecution~~/supervised release is scheduled to terminate on _____. Full payment of the above debt(s) is expected by the termination date.

Payments should be made by check or money order payable to the U. S. Clerk of Court and given to your probation officer for transmittal to the Clerk's Office. Payments are due by the 5th day of each month. You must pay no less than $_____ per month. Failure to make timely, regular payments is a violation and could result in revocation of your supervision.

The Clerk's Office should disburse the money paid as restitution to:

Name: Kansas Bankers Surety Company
Address: Attn: Donald Towle
         P. O. Box 1654

         Topeka, Kansas  66601-1654

Phone No.: _____

Pursuant to Title 28, U. S. Code, Section 1914, be advised there will be a $25.00 charge for each personal check returned to us by your bank (i.e. insufficient funds, accounts closed, etc.). This $25.00 will be added on to your court obligation.

If at the end of the period of supervision you have not complied with this condition, the Court or Parole Commission may nevertheless terminate proceedings against you, but no such termination shall remove your obligation to pay the money owed. The law provides authority for the U. S. Department of Justice to collect the unpaid balance (18 USC 3565; 18 USC 3612(c) (after 11-1-87)).

Title 18, U. S. Code, Section 3595 provides authority for imposition of an interest penalty for willful nonpayment of fines (18 USC 3612(f) (after 11-1-87)).

I have read or had read to me the above terms and conditions. I fully understand them and agree to abide by them.

(Signed) X Ronald A Seavoy                         4/14/92
         Probationer/Parolee                       Date

(Signed) Ida M. Cickol                             4/14/92
         U. S. Probation Officer                   Date

*Handwritten margin notes:* not F.D.I.C. This information was withheld from me at trial by the prosecutor. It would have stopped my trial, the Bank has no federal connection. Connection for jurisdiction.

cc: Clerk of Court
    U. S. Attorney's Office - Collection Unit

# FEDERAL BUREAU OF INVESTIGATION

Date of transcription 11/8/91

FAY L. SCHMIDT, a white female, date of birth August [redacted], Assistant Vice-President and Operations Manager, Bank [North], Main Street, Wausaukee, Wisconsin 54177, telephone [715]/856-5116, was contacted at her employment. She was [advised of] the identity of the interviewing agent and the nature [of the] interview, that being regarding the bank robbery of the [Pembine] branch of Bank North on August 20, 1991.

SCHMIDT stated she normally works in Wausaukee, which [is the] operations center for Bank North, and upon being notified [of the] robbery of the Pembine Branch she went to the branch and [with] Assistant Cashier CORINNE SODERBERG, counted the [cash] at all the teller windows, which would have been three, [and the] vault cash, in the presence of the Bank North-Pembine [tellers]. By determining the beginning balance, [transactions] conducted during the day prior to the robbery, she [was able] to determine that the amount taken in the robbery was [$...].

SCHMIDT stated Bank North is insured by the Federal [Deposit] Insurance Corporation (FDIC), being assigned Certificate [#...] which was issued May 1, 1991, because of the formal [change of] the name of the bank to Bank North from the name [of] Wausaukee Bank.

> not true somebody lied.. either the F.B.I. or this woman

---

Investigation on 11/5/91 at Wausaukee, Wisconsin

File # 91A-MW-26210

Date dictated 11/6/91

by L. STRUVE/psr

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.