UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD JOSEPH SEAVOY,

          Petitioner,

v.                                                                       Case No. 22-cv-0155-bhl

UNITED STATES OF AMERICA,

          Respondent.

## ORDER DISMISSING SECTION 2255 MOTION TO VACATE JUDGMENT

On February 7, 2022, Ronald Joseph Seavoy, without assistance of counsel, filed a motion to vacate the judgment against him in the criminal case *USA v. Seavoy*. 91-cr-0293 ECF No. 115. He contends that the Court lacked jurisdiction over the case and that he intends to enter a guilty plea in state court but cannot do so until his judgment is vacated in federal court. *Id.*

Seavoy does not state under what authority he is seeking relief. However, "[f]ederal prisoners who seek to collaterally attack their conviction or sentence must ordinarily bring an action under § 2255, 'the federal prisoner's substitute for habeas corpus.'" *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 628, 640 (7th Cir. 2012)). Because Seavoy is seeking to vacate his sentence, the Court has construed the motion as having been filed pursuant to Section 2255,[1] and has opened this new habeas case to consider the motion.

Under Rule 4 of the Rules Governing § 2255 Proceedings,

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to

---

[1] If a *pro se* litigant has not yet filed a Section 2255 motion, the district court is required to notify the litigant and give him a chance to withdraw his motion before construing it as a Section 2255 motion, because such a construal may trigger Section 2255's limitations on successive motions. *Castro v. United States*, 540 U.S. 375, 382–83 (2003). Since Seavoy has already filed successive Section 2255 motions, there is no reason to provide such notice in this instance.

> relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

*Id.* During the Court's initial review of a motion for habeas relief, it considers whether the movant has set forth cognizable constitutional or federal law claims. For the reasons set forth below, Seavoy's motion will be dismissed.

## PROCEDURAL BACKGROUND

Seavoy has filed numerous petitions challenging his conviction. On August 12, 1996, he filed a Section 2255 petition, in response to which the Court opened a new habeas case and then denied the motion and declined to issue a certificate of appealability. 91-cr-0293 ECF Nos. 50, 52, 55. Seavoy filed a notice of appeal, which the Seventh Circuit construed as an application for a certificate of appealability and then denied. 91-cr-0293 ECF Nos. 53, 64. He filed a motion for the Seventh Circuit to reconsider its decision—this was also denied. 91-cr-0293 ECF No. 64. He appealed the decision to deny him a certificate of appealability, but the Seventh Circuit dismissed the appeal. 91-cr-0293 ECF Nos. 59, 60. Seavoy filed three more Section 2255 petitions on April 23, 1997, February 2, 1998, and March 24, 1998. 91-cr-0293 ECF Nos. 61, 65, 73. The Court denied all three efforts. 91-cr-0293 ECF Nos. 63, 68, 75. On March 30, 2000, Seavoy filed another motion to reopen an earlier Section 2255 motion. 91-cr-0293 ECF No. 103. The Court denied this too and ordered Seavoy to show cause as to why he should not be sanctioned under Federal Rule of Civil Procedure 11. 91-cr-0293 ECF No. 105. When Seavoy filed a request to vacate judgment on February 12, 2002, the Court warned him again about possible sanctions. 91-cr-0293 ECF Nos. 110, 111.

## DISCUSSION

Seavoy argues that his criminal prosecution violated his constitutional due process rights because the Court lacked jurisdiction to hear the case.

The Court lacks jurisdiction to consider Seavoy's present motion. Because a petitioner is only allowed one collateral review as of right, availability of relief under Section 2255 through second or successive motions is limited. *See Peoples v. United States*, 403 F.3d 844, 846 (7th Cir. 2005). A district court may hear a second or successive Section 2255 motion only if a three-judge panel of the appropriate court of appeals certifies that the motion relies on either (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish that no reasonable factfinder would have found the movant guilty; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, which was previously unavailable on direct review. 28 U.S.C. § 2255(h).

Since his conviction, Seavoy has already filed at least four challenges under 28 U.S.C. § 2255. Because the Court construes Seavoy's most recent motion as a request for relief under Section 2255, it is "subject to the requirement that second or successive motions . . . be authorized by the court of appeals." *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007); *see also* 28 U.S.C. § 2255(h). A district court does not have jurisdiction to entertain a second or successive petition "[u]nless and until the movant seeks and obtains permission from the court of appeals." *Carraway*, 478 F.3d at 849. Because Seavoy has not obtained permission from the Seventh Circuit to file a successive petition, this Court is without jurisdiction to consider his motion, and it must be dismissed.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Cases, the Court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citations omitted). The Court declines to issue a certificate of appealability because no reasonable jurist could debate that the petition should have been resolved in a different manner.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Seavoy's motion, ECF No. 1 in the habeas case 22-cv-0155 (originally filed as ECF No. 115 in the criminal case 91-cr-0293) is **DISMISSED** for lack of jurisdiction pursuant to Rule 4 of the Rules Governing § 2255 Cases. The Clerk is directed to notify Seavoy and to close the case.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue.

Dated at Milwaukee, Wisconsin on May 19, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge